## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

EUGENE DEJEAN                                          CIVIL ACTION

VERSUS                                                      No. 23-5022

VERMONT MUTUAL                                       SECTION I
INSURANCE COMPANY ET AL.

## ORDER & REASONS

Before the Court is a motion[1] to remand the above-captioned matter filed by plaintiff Eugene Dejean ("plaintiff"). No opposition has been filed by the defendants, Vermont Mutual Insurance Company ("Vermont Mutual"), Vermont Mutual Insurance Group, Edward P. Storey, Jr., and Magaret R. Storey (collectively, "defendants").[2] For the reasons that follow, the Court grants plaintiff's motion to remand.

## I. BACKGROUND

On September 14, 2022, plaintiff filed a petition for damages in Orleans Parish Civil District Court.[3] Plaintiff alleged that he slipped and fell while performing repairs on property located at 1725/1727 General Taylor Street, New Orleans, Louisiana.[4] Plaintiff brought the present action to recover damages allegedly

---

[1] R. Doc. No. 7.
[2] The motion's submission date was October 18, 2023. Therefore, defendants' response was due on October 10, 2023. As of this date, no response has been filed and the time for doing so has expired.
[3] R. Doc. No. 1-2.
[4] *Id.* at 2.

sustained as a result of his fall.[5] On August 31, 2023, Vermont Mutual removed the action to federal court.[6]

## II. LAW

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending," unless Congress provides otherwise. "A federal district court has subject matter jurisdiction over a state claim when the amount in controversy [exceeds $75,000] and there is complete diversity of citizenship between the parties." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing 28 U.S.C. § 1332(a)).

The "party seeking to invoke federal diversity jurisdiction bears the burden of establishing both that the parties are diverse and that the amount in controversy exceeds $75,000." *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003). "To determine whether jurisdiction is present for removal, [courts] consider the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Prop. And Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "Any 'doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction.'" *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014) (quoting *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

---

[5] *Id.*

[6] R. Doc. No. 1.

## III. ANALYSIS

Plaintiff argues that the Court should remand this case because Vermont Mutual removed this action 199 days after receiving notice that plaintiff's claim exceeded $75,000.[7] Plaintiff argues that, pursuant to Louisiana law, his failure to respond to Vermont Mutual's request that he "[a]dmit or deny that [his] claim. . .exceeds the amount of $75,000 exclusive of costs and interest" constitutes an admission that triggers the thirty-day removal period.[8] *See* La. Code Civ. Proc. art. 1467. As stated, defendants did not timely file a response to plaintiff's motion to remand.

The timing of removal is governed by 28 U.S.C. § 1446(b) which states:

(1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter....
(3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

Section 1446(c)(3)(A) further provides:

If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed [$75,000], information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3).

---

[7] R. Doc. No. 7-1, at 3.
[8] *Id.* at 7.

3

In analyzing a motion to remand, "we consider the claims in the state court petition as they existed at the time of removal." *Manguno*, 276 F.3d at 723. When the state court petition does not specifically allege an amount of monetary damages, the defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy meets the statutory requirements. *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir.1993). "Once a defendant has satisfied its [ ] burden, plaintiffs can defeat removal only if they can prove to a legal certainty that their claim is actually for an amount less than $75,000." *Pierce v. State Farm Fire & Cas. Co.*, No. CIV. A. 09-7442, 2010 WL 1817799, at *2 (E.D. La. Apr. 30, 2010) (Fallon, J.).

"A defendant can rely on the face of the complaint if it is apparent that the amount in controversy is sufficient." *Dix v. Pinnacle Ent., Inc.*, No. CV 22-3484, 2023 WL 1962394, at *2 (E.D. La. Feb. 13, 2023) (Barbier, J.) (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995)). "If the 'facially apparent' test is not met, the court can require the parties to show 'summary judgment-type evidence' regarding the amount in controversy." *Id.* (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995); *see also Pierce*, 2010 WL 1817799, at *2 (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995)).

In its notice of removal, Vermont Mutual states that defendants did not receive notice that this case was removable until they took plaintiff's deposition on August 4, 2023 and received plaintiff's medical billing records on August 14, 2023.[9] However,

---

[9] R. Doc. No. 1, at 5.

plaintiff argues that defendants had notice much earlier when plaintiff did not respond to Vermont Mutual's request for admission that the amount in controversy exceeded $75,000.[10]

Vermont Mutual admitted that "[i]t was not facially apparent from the face of plaintiff's Petition for Damages that plaintiff's claim exceeded the sum of $75,000.00, exclusive of interest and costs."[11]  Accordingly, the Court may consider evidence outside the pleadings, including Vermont Mutual's request for admission and plaintiff's failure to respond, to determine if Vermont Mutual has satisfied the amount in controversy requirement. *See Dix*, 2023 WL 1962394, at *2.

Pursuant to La. Code Civ. Proc. art. 1467, once a party is served with a request for admission, "[t]he matter is admitted unless, within thirty days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney." Plaintiff failed to respond to Vermont Mutual's request for admission that his demand exceeded $75,000, which was sent to plaintiff on January 11, 2023.[12] Accordingly, thirty days later, on February 10, 2023, the matter was admitted. *See* La. Code Civ. Proc. art. 1467; *see also Gayden v. Winn-Dixie Montgomery, Inc.*, No. CIV.A. 13-6232, 2014 WL 433503, at *4 (E.D. La. Feb. 4, 2014) (Vance, J.) ("When [the plaintiff] failed to respond to defendant's request for admission that the amount

---

[10] R. Doc. No. 7.
[11] R. Doc. No. 1, at 4.
[12] *Id.* at 6; R. Doc. No. 7-6.

in controversy exceeded $75,000, that statement was deemed admitted in accordance with La. Code Civ. Proc. art. 1467.").

An admission pursuant to La. Code Civ. Proc. art. 1467 "qualifies as 'other paper' by the terms of 18 U.S.C. § 1446(c)(3)(A) and trigger[s] the 30–day removal clock." *Id.*; *see also Greene v. Ace Am. Ins. Co.*, No. CV 20-773, 2020 WL 4035524, at *4 (E.D. La. July 17, 2020) (Lemelle, J.) ("Defendant's [ ] removal was untimely because the request for admission was deemed admitted when plaintiffs failed to respond for thirty days, which began the 30-day removal period."). Therefore, defendants had thirty days to remove from February 10, 2023. The notice of removal was not filed until August 31, 2023.[13] Accordingly, the removal is not timely, and the case must be remanded to state court.

## IV. CONCLUSION

**IT IS ORDERED** that plaintiff's motion to remand is **GRANTED.** The above-captioned matter shall be **REMANDED** to Orleans Parish Civil District Court.

New Orleans, Louisiana, October 27, 2023.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[13] R. Doc. No. 1.